**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-1726**

EDWARD L. GILMORE,

        Plaintiff - Appellant,

    v.

ERIC HOLDER, in his official capacity as Attorney General
of the United States,

        Defendant - Appellee.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.   Leonie M. Brinkema,
District Judge. (1:13-cv-00789-LMB-IDD)

Submitted:  February 27, 2015      Decided:  April 2, 2015

Before WILKINSON, GREGORY, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Catherine M.A. Carroll, Eric Mahr, Amanda L. Major, Daniel
Aguilar, WILMER CUTLER PICKERING HALE AND DORR LLP, Washington,
D.C., for Appellant.  Dana J. Boente, United States Attorney,
Ayana N. Free, R. Joseph Sher, Assistant United States
Attorneys, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward L. Gilmore appeals from the district court's entry of judgment under Fed. R. Civ. P. 50(a) in Defendant's favor in his civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e—2000e-17 (2012), for non-promotion on the basis of race. On appeal, Gilmore contends that the district court reversibly erred in granting Defendant's post-trial Rule 50(a) motion for judgment as a matter of law and abused its discretion in excluding evidence. We affirm.

Rule 50(a) of the Federal Rules of Civil Procedure provides that, in actions tried before a jury, a district court may grant a motion for judgment as a matter of law against a party if the party has been "fully heard" on an issue during trial and "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." We review the grant or denial of a Rule 50(a) motion for judgment as a matter of law de novo, viewing the evidence in the light most favorable to the nonmoving party. Fontenot v. Taser Int'l, Inc., 736 F.3d 318, 332 (4th Cir. 2013); Chaudhry v. Gallerizzo, 174 F.3d 394, 404-05 (4th Cir. 1999). "Judgment as a matter of law is proper when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment." Chaudhry, 174 F.3d at 405 (internal quotation marks omitted). "The movant is entitled to judgment as a matter of law if the

2

nonmoving party failed to make a showing on an essential element of his case with respect to which he had the burden of proof." Singer v. Dungan, 45 F.3d 823, 827 (4th Cir. 1995) (internal quotation marks omitted).

Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). Where, as here, there is no evidence of intentional discrimination, claims under Title VII are analyzed under the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-07 (1973). Under this framework, the plaintiff bears the initial burden of establishing a prima facie case of discrimination. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993). To do so, a plaintiff must show that: (1) he is a member of a protected group; (2) there was a specific position for which he applied; (3) he was qualified for that position; and (4) he was rejected for the position under circumstances giving rise to an inference of discrimination. Williams v. Giant Food Inc., 370 F.3d 423, 430 (4th Cir. 2004). Defendant conceded below that Gilmore had established his prima facie case.

3

Where the plaintiff makes such a showing, the burden shifts to the defendant to produce evidence that "if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action." Hicks, 509 U.S. at 507 (internal emphasis omitted). This is a burden of production, not of proof or persuasion. Id. at 506-07. Review of the trial record makes clear that Defendant produced evidence that, if believed by the trier of fact, would support the conclusion that Gilmore was not promoted based on race-neutral reasons.

If the defendant meets his production burden, then the presumption created by the plaintiff's prima facie case "drops out of the picture," and the burden shifts back to the plaintiff to present evidence from which a reasonable juror could conclude that the reason proffered by the defendant was a pretext for discrimination. Id. at 511. The plaintiff can prove pretext by presenting evidence to show that the defendant's explanation is "unworthy of credence" or by offering other forms of circumstantial evidence sufficiently probative of discrimination. Mereish v. Walker, 359 F.3d 330, 336 (4th Cir. 2004) (internal quotation marks omitted). Ultimately, however, the plaintiff has the burden of demonstrating that he was the victim of discrimination on the basis of his race. Id.

4

On appeal, Gilmore asserts that, based on the evidence presented, the jury reasonably could have concluded that the proffered rationales for his non-promotion, namely, his prior performance and his lack of supervisory experience, were pretextual and unworthy of belief. After review of the record and the parties' briefs, we reject Gilmore's assertions as unsupported by the trial record and without merit. He thus fails to establish reversible error by the district court in its grant of Defendant's Rule 50(a) motion.

Gilmore also contends that the district court abused its discretion in excluding at trial the admission of testimony regarding litigation relative to rulings resulting from the decision of the United States District Court for the District of Columbia in Segar v. Civiletti, 508 F. Supp. 690 (D.D.C. 1981). Evidentiary rulings are reviewed for abuse of discretion, and we "will only overturn an evidentiary ruling that is arbitrary and irrational." United States v. Cole, 631 F.3d 146, 153 (4th Cir. 2011) (internal quotation omitted). In determining whether an evidentiary ruling is arbitrary and irrational, this court looks at the evidence in a light most favorable to its proponent, with an eye toward "maximizing its probative value and minimizing its prejudicial effect." Id. (internal quotation marks omitted).

We conclude after review of the record and the parties' briefs that the district court did not abuse its discretion in

excluding admission of the <u>Segar</u> litigation evidence.  Gilmore has not suggested that Defendant was not complying with the <u>Segar</u> litigation rulings at the time of his non-promotion, and the stipulated procedures in that litigation simply were not in effect at the time of Gilmore's non-promotion.  The district court thus properly excluded admission of the evidence to ensure the jury was not considering irrelevant and confusing information.  <u>See</u> <u>United States v. Lentz</u>, 524 F.3d 501, 526 (4th Cir. 2008) (holding that district court did not abuse its discretion in excluding omitted evidence portions that were "neither necessary to avoid misleading the jury or to place the portions admitted into proper context").

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

6